**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Case No. 1:25-cv-03667-CNS-MDB**

GREGORY JOSEPH PODLUCKY,

     Plaintiff,

v.

PODS ENTERPRISES, LLC,

     Defendant.

---

**DEFENDANT PODS ENTERPRISES, LLC'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

---

Defendant PODS Enterprises, LLC ("PODS") moves to dismiss Plaintiff Gregory Joseph Podlucky's Amended Complaint (ECF No. 6) under Rule 12(b)(6), or in the alternative, moves for a more definite statement under Rule 12(e).

**SUMMARY OF ARGUMENT**

Under Colorado law, negligence claims must be based on physical harms. Purely emotional damages are not sufficient to maintain a negligence action unless those damages manifest in physical or mental illness. Plaintiff's alleged harms consist of only nightmares, lack of sleep, and general emotional distress. Case law establishes that such generalized emotional damages cannot sustain a negligence action. Plaintiff's Amended Complaint, therefore, must be dismissed. Should the Court find that Plaintiff has plausibly alleged a claim, however, PODS is entitled to a more definite statement on Plaintiff's exact theory of liability against PODS.

## FACTUAL BACKGROUND

Taking as true the material allegations made in the Amended Complaint at this stage in the litigation, Plaintiff alleges that he was walking his dogs on September 8, 2025. ECF No. 6 at 4. While walking on Mikado Drive, Plaintiff asserts that a PODS truck, "traveling at a high rate of speed intentionally swerved towards" him and his dogs. *Id.* The truck almost hit them. *Id.* Plaintiff then "tracked down the driver of the truck" and asked him why he tried to hit him and his dogs. *Id.* The driver allegedly responded that Plaintiff should not have been walking on the street. Following the incident, Plaintiff "has had nightmares that interrupt his sleep and is suffering from emotional distress as he replays the events in his mind." *Id.* Based on these allegations, Plaintiff appears to bring a negligence claim against PODS and seeks damages under a negligent infliction of emotional distress theory. *Id.* at 4-5.

## ANALYSIS

### I.    Legal Standards

#### A.    Rule 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Iqbal* requires a two-prong analysis. *Id.* at 678. First, courts must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are "legal conclusions," "bare assertions," or

2

merely "conclusory." *Id.* at 678, 680–81. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, courts must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Cardenas v. Moody*, No. 23-CV-01048-RM-JPO, 2024 WL 1257423, at *1 (D. Colo. Mar. 25, 2024). However, conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted). Dismissal under Rule 12(b)(6) is appropriate when a claim fails as a matter of law. *See, e.g.*, *Atwell v. Gabow*, No. CIVA 06CV-02262-JLK, 2008 WL 906105, at *2 (D. Colo. Mar. 31, 2008), *aff'd*, 311 F. App'x 122 (10th Cir. 2009).

### B.    Rule 12(e)

Rule 12(e) allows a party to move for a more definite statement if a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a response and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 544).

The complaint must provide fair notice to the defendants sued of what the claims are and the grounds supporting such claims. *Twombly,* 550 U.S. at 555. The factual

3

allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.,* 555 F.3d 1188, 1191 (10th Cir. 2009). The facts alleged must be stated in a simple, concise, and direct fashion, pursuant to Rules 8(a)(2) and 8(d).

### C.    Treatment of Pro Se Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. U.S.*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

## II.    Motion to Dismiss

Regardless of the legal theory on which he intends to proceed, Plaintiff has failed to state a claim on which relief can be granted. If construed as a claim for negligence, the complaint is insufficient because it does not specify that Plaintiff suffered any physical harm. "Colorado law requires that a plaintiff asserting negligence have suffered from physical harm." *Cuevas v. United States*, No. 16-CV-00299-MSK-KMT, 2018 WL 1399910, at *10 (D. Colo. Mar. 19, 2018). In other words, "negligence is not actionable in Colorado unless it results in *physical damage* to persons or property." *Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp.*, 959 F.2d 868, 871 (10th Cir. 1992). Here, Plaintiff has not alleged any physical harm. Without sufficient physical harm, Plaintiff's claim fails as a matter of law. *Merrifield v. 1859-Historic Hotels, Ltd.*, No. 21-CV-00268-PAB-NYW, 2022

WL 523437, at *4 (D. Colo. Feb. 22, 2022) ("Because plaintiff does not allege that she suffered any physical harm, the complaint fails to state a claim for negligence.").

If Plaintiff may instead intend to rely solely on emotional damages under a theory of negligent infliction of emotional distress ("NIED"), the factual allegations of the Complaint are again insufficient. For a NIED claim, a plaintiff must establish three elements: (1) the defendant's negligence subjected him to an unreasonable risk of bodily harm and caused him to be put in fear for his own safety; (2) the plaintiff's fear was shown by physical consequences or long-continued emotional disturbance; and (3) the plaintiff's fear was the cause of the claimed damages. *Scharrel v. Wal-Mart Stores, Inc.*, 949 P.2d 89, 93 (Colo. App. 1997). In the absence of allegations of physical harm, Plaintiff must state facts showing "long-continued emotional disturbance." *Id.* "[T]his exception for negligent infliction of emotional distress only applies where 'the emotional distress has . . . manifested itself in some form of physical or mental illness.'" *Laster v. Circle K Stores Inc.*, No. 25-CV-00085-PAB-STV, 2025 WL 2918762, at *6 (D. Colo. June 9, 2025) (quoting *Towns v. Anderson*, 579 P.2d 1163, 1165 (Colo. 1978)), *report and recommendation adopted*, 2025 WL 2552603 (D. Colo. Sept. 5, 2025); *see also Admiral Ins. v. Hosler*, 625 F. Supp. 2d. 1105, 1114 (D. Colo. 2009) ("A claim for negligent infliction of emotional distress can be sustained by manifestations of physical or mental illness." (quotation and emphasis omitted)). Put differently, "[r]ecovery for emotional distress is permitted only if there are physical manifestations or mental illness." *Colwell v. Mentzer Inv., Inc.*, 973 P.2d 631, 638 (Colo. App. 1998). "Examples of physical manifestations or mental illness include *long-continued* nausea or headaches or *repeated* hysterical attacks or mental aberrations." *Id.* (emphasis added); *see also Parr v. Triple L & J Corp.*, 107 P.3d

1104, 1108 (Colo. App. 2004) (defining physical manifestations or mental illness to include "*chronic* nausea, headaches, hysterical attacks, or mental aberrations" (emphasis added)). "While there is no precise definition of what constitutes a 'serious physical manifestation or mental illness,' courts have found generalized symptoms such as headaches, insomnia, crying spells, vomiting and diarrhea are insufficient." *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120, 1127 (D. Colo. 1999); *see also Cohler v. U.S. ex rel. Nat. Park Servs.*, No. CIV. 2005-29, 2008 WL 2563768, at *4 (D.V.I. June 24, 2008) (collecting cases for the proposition that insomnia and nightmares do not constitute physical harms for purposes of a NIED claim).

Here, Plaintiff's allegations fall well short of establishing a physical manifestation or mental illness. Plaintiff's allegations establish only that he "has had nightmares that interrupt his sleep and is suffering from emotional distress as he replays the events in his mind." ECF No. 6 at 4. But these are the types of generalized emotional harms that are insufficient to sustain a negligence claim under Colorado law. *Atsepoyi*, 51 F. Supp. 2d at 1127. Moreover, the alleged incident occurred on September 8, 2025, just four months ago. That is too short a time to establish *long-continued* emotional damages. *See Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 496 (Colo. App. 2011) (noting that an element of a NIED claim is establishment of "physical consequences or resulted in long-continued emotional disturbance").

Plaintiff's Amended Complaint, accordingly, fails to state a negligence claim as a matter of law and should be dismissed.

6

**III.    Motion for More Definitive Statement**

In the event that this Court finds that Plaintiff has plausibly pled a claim, PODS requests that Plaintiff be made to amend his pleading for a more definite statement. As it stands, it is not clear under what theory of negligence Plaintiff is proceeding as to PODS. For instance, Plaintiff's allegations appear to be based on the actions of the truck driver. But Plaintiff never formally asserts the allegations necessary to hold PODS liable for the driver's actions. PODS, therefore, is left to wonder if Plaintiff is proceeding on a direct liability claim against it. Colorado law establishes, however, that Plaintiff cannot proceed on both theories of liability. *See Brown v. Long Romero*, 495 P.3d 955, 961 (Colo. 2021) ("A plaintiff may bring direct negligence claims against an employer if she does not assert vicarious liability for an employee's negligence — regardless of whether the employer acknowledges vicarious liability for the employee's negligence."). But, like with his unsuccessful attempt to hold PODS liable for the driver's actions, Plaintiff has not provided enough information to determine the direct liability theory that Plaintiff is asserting. PODS is entitled to know the proper legal theory that Plaintiff would be proceeding under prior to preparing its response. Under Rule 12(e), then, Plaintiff must provide a more definite statement (should the Court not dismiss the Amended Complaint under Rule 12(b)(6)).

**IV.    Conclusion**

For the foregoing reasons, PODS respectfully requests that this Court grant this Motion and (1) dismiss Plaintiff's Amended Complaint or (2) mandate that Plaintiff provide a more definitive statement.

7

## CERTIFICATE OF CONFERRAL

Under Civ. Practice Standard 7.1B(b), conferral on this Motion is not required as Plaintiff is an unrepresented party.

Dated: February 12, 2026

Respectfully submitted,

*/s/ Reed L. Russell*
Reed L. Russell
  reed.russell@phelps.com
Chris B. Bach
  chris.bach@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I hereby certify** that a true and correct copy of the foregoing was electronically filed this 12th day of February, 2026, with the Clerk of the Court by using the Court's CM/ECF system, which will send notice of electronic filing, via email, to all counsel or parties of record.

/s/ *Reed L. Russell*
*Attorney*

8